E-FILED
Tuesday, 24 January, 2006  01:59:02 PM
Clerk, U.S. District Court, ILCD

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

| | |
|---|---|
| Sturm & Fix, LLP, <br>       Plaintiff <br><br> H. Vincent Harsha and New Womyn LLC, <br>       Defendants | Case No. 03-4086 |

## ORDER

  The parties have consented to have this case heard to judgment by a United States Magistrate Judge pursuant to 28 U.S.C. § 636(c), and the District Judge has referred the case to me. This case was tried before me without a jury on December 7, 2005. The parties have submitted proposed findings of fact and conclusions of law. I have carefully considered the evidence and testimony that was presented, and this Order follows.

  The plaintiff Sturm & Fix, LLP (formerly Henderson & Sturm, LLP) is a law firm. Its former client, defendant New Womyn, LLC, and a managing member[1] of New Womyn, defendant Vincent Harsha, incurred legal fees and costs in a patent infringement lawsuit, Brava v. New Womyn, Inc, Case No. 00-CV-4081-JBM. Some of those fees and costs remain unpaid. This breach of contract action was brought to recover those fees and costs in the amount of $306,082.83. Count I is based on an oral contract for services rendered. Count II arises under a personal Note signed by Vincent Harsha.

---

[1] The other managing member, Daniel Kaiser, could not be located and has not been served. The claims against him were dismissed without prejudice at the bench trial.

## JURISDICTION

At all pertinent times, New Womyn, LLC was a Delaware limited liability company with its principal place of business in Moline, Illinois. Vincent Harsha was one of the managing members of New Womyn; he is also an attorney licensed to practice in Illinois. Sturm and Fix LLC ("S&F")[2] is a limited liability partnership with offices in Des Moines, Iowa, Davenport, Iowa, and Virginia. Partners in S&F at all pertinent times were residents of Iowa, Virginia and Minnesota. Defendants Harsha and Kaiser are Illinois residents. Defendant New Womyn LLC is a limited liability company established under the laws of Delaware with its principle place of business in Moline, Illinois.

For diversity purposes, the citizenship of all partners in a partnership must be diverse from all parties on the opposing side. Carden v. Arkoma Assoc., 494 U.S. 185, 195-96 (1990). Limited liability companies are unincorporated entities. The citizenship of an unincorporated entity, such as a partnership, is determined by the citizenship of all of its members. Id. at 195-96. This rule also applies to limited liability companies. Hoagland v. Sandberg, Phoenix & VonGontard, P.C., 385 F.3d 737, 739 (7th Cir. 2004); Cosgrove v. Bartolotta, 150 F.3d 729, 731 (7th Cir.1998). This court has subject matter jurisdiction pursuant to 28 U.S.C. §1332 because the parties and the LLC's principals and partners are of diverse citizenship, and the amount in controversy exceeds $75,000.

---

[2]S&F was previously called Henderson and Sturm. For convenience, both entities are referred to as S&F herein.

## DISCUSSION

In 2000, New Womyn was sued for patent infringement by Brava LLC. Case No. 00-4081 (CDIL). Based on a friendship between Harsha and S&F's senior partner H. Robert Henderson, Harsha sought representation in the infringement suit by S&F. At a meeting where he, Harsha and Henderson were present, Henderson directly asked Harsha if he "could stand the expenses" of the litigation. Harsha responded affirmatively. Based on unrefuted evidence, S&F undertook defense of that suit based on Harsha's representation that he would be liable for S&F's fees incurred on behalf of New Womyn. The patent litigation was extensively and exhaustively litigated.

During the course of the Brava litigation, Harsha signed on June 8, 2001, a personal Note in which he agreed to pay $240,000.00 at the rate of $40,000.00 per month toward the outstanding balance of past and future legal services rendered by S&F in the Brava case. In that same Note, S&F agreed to continue its representation of New Womyn in the Brava case, providing the "required defense and offense" for that case beginning June 20, 2001, through November 1, 2001, at which time "the relationship between me [Harsha] and [S&F] will be reviewed." Harsha has paid $160,000 pursuant to the Note. No further payments have been made by him or by New Womyn or any other member of New Womyn or by anyone on behalf of New Womyn.

On December 6, 2001, in a telephonic hearing before Judge McDade in the Brava case, the court heard arguments on S&F's motion to withdraw as counsel for New Womyn filed by S&F. The basis for the motion was that New Womyn was refusing to pay attorneys' fees, past or future, based on disagreements about strategy between counsel and the client. At that time, the case was set for trial on January 7, 2002. The court declined to allow

counsel to withdraw because of the pendency of trial. Thereafter the case settled. No payments have been made since that date.

The total bills generated by S&F in the defense of New Womyn in the Brava case amounted to $306,082.83. Defendants have made no objection to the hourly rates charged, and the evidence submitted by plaintiff supports the conclusion that the hourly rates were well within the range of reasonable for this type of work performed in the Midwest.

The only objection raised by Harsha at trial with respect to the necessity or reasonableness of any specific entries on the billing had to do with certain entries that referred to a separate lawsuit that had been brought against New Womyn by the Attorney General of the State of Iowa. Counsel for S&F established that there was some overlap with evidence and witnesses, and thus there was some consultation between counsel in the two cases. That is a reasonable explanation for the billing entries. And given the magnitude of the underlying litigation in the Brava case, I find nothing unreasonable in the total amount.

Harsha argued that S&F's legal representation was inadequate. The record in the Brava case as well as the testimony offered at trial in this case absolutely refutes any such assertion. In fact, Judge McDade commented at the December hearing that S&F's attorneys had done a "fantastic job" representing New Womyn. Moreover, there is no legal authority that a client is excused from paying legal fees simply because the result was less than hoped for.

Plaintiff's claim for attorneys fees is well documented, and the defense mounted by defendants has not called the essential elements of the claim into question. I therefore conclude that S&F is entitled to judgment in its favor. The Clerk is directed to enter

judgment in favor of plaintiff Sturm and Fix and against defendants New Womyn and Harsha in the amount of $306,082.83 and against Harsha in the amount of $80,000.

ENTER this 24th day of January 2006.

s/ John A. Gorman

JOHN A. GORMAN
UNITED STATES MAGISTRATE JUDGE